## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **James R. Skelton,** | ) | **CASE NO. 1:19 CV 2083** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Prudential Financial, Inc., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff James R. Skelton filed this action in the Cuyahoga County Court of Common Pleas against Prudential Financial, Inc., the Prudential Life Insurance Company of America and Pruco Securities, LLC. In the Complaint, Plaintiff contends Defendants delayed issuing him payment as a beneficiary of his Mother's life insurance policy. He seeks declaratory relief acknowledging that he is entitled to benefits under the policy and monetary damages for emotional distress. Defendants removed the case to federal court on the basis of diversity jurisdiction.

### BACKGROUND

Plaintiff's parents, Sherry E. Skelton and James T. Skelton, had life insurance coverage with Prudential. Sherry Skelton designated her husband as her primary beneficiary under the policy, and her four adult children as the contingent beneficiaries in the event her husband predeceased her. She died on March 6, 2017. Two days later, on March 8, 2017, her husband died. Because her husband survived her, Prudential notified Plaintiff and his

siblings that Sherry Skelton's life insurance benefits would be payable to her husband James

T. Skelton and be distributed as part of his Estate. Upon further review, however, Prudential

determined that under Ohio's Uniform Simultaneous Death Act, Ohio Rev. Code § 2105.36,

James T. Skelton was considered to have predeceased his wife because he failed to survive

her by at least one hundred twenty hours. Prudential then distributed the benefits of Sherry

Skelton's policy in four equal shares to Plaintiff and his siblings.

The manner in which Prudential issued the check to Plaintiff caused him some

confusion. The check was made payable to "James Skelton." Plaintiff and his father are

both named James Skelton. Plaintiff was unsure if the check was meant for his father's estate

or if it was meant for him. He returned it to Prudential and asked them to reissue it with his

middle initial if he was the intended beneficiary. Prudential determined the check was

properly payable as issued originally and issued a new check payable to James Skelton.

Plaintiff cashed the check but deposited the funds with the Clerk of Court until he could be

assured that the funds were intended for him. He contends he feared his siblings were trying

to scam and defraud him out of his portion of their father's estate. He seeks a declaration

from this Court affirming that he is a beneficiary under the policy and the check was intended

for him. He claims the Defendants' actions in issuing the payment caused him undue

emotional distress.

Defendants filed a Motion to Dismiss on October 16, 2019 (Doc. No. 10). They

contend that to the extent Plaintiff seeks a declaration assuring him that the payment he

received was intended for him, they have no objection to the entry of that Order. With respect

to Plaintiff's claim for Intentional or Negligent Infliction of Emotional Distress, Defendants

assert Plaintiff failed to state a claim upon which relief may be granted. They indicate they

paid the claim and properly issued the check. They have not done anything wrong and Plaintiff's anxiety is due to his suspicion of his siblings. They seek dismissal of this claim.

Plaintiff requested an extension of time to respond to the Defendants' Motion. The Court granted him until November 29, 2019 to file a response. Although it is well past the date on which his response was due, Plaintiff has not filed a response.

**STANDARD OF REVIEW**

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir. 1997).

**DISCUSSION**

Defendants concur that the check they sent to Plaintiff was intended for him as his portion of the proceeds of his mother's life insurance policy. Plaintiff cashed the check and is in receipt of the funds so that question appears to be moot.

Moreover, there is no suggestion in the Complaint that the Defendants acted negligently or intentionally to cause Plaintiff emotional distress. In order to prevail on a claim of intentional infliction of emotional distress, Plaintiff must allege the Defendant engaged in conduct that was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kovac v. Superior Dairy, Inc*. 930 F.Supp.2d 857, 870 (N.D. Ohio 2013). Furthermore, the emotional distress Plaintiff experienced must be serious and of such a nature that no reasonable person could be expected to endure it. *Id.*

4

Plaintiff does not allege facts suggesting the Defendants' conduct was outrageous or exceeding all bounds of decency nor does he suggest his injury was sufficiently serious to state a claim for intention infliction of emotional distress.

A claim of negligent infliction of emotional distress is based upon an emotional injury suffered when a Plaintiff witnessed and/or experienced a real or impending danger to another caused by the Defendant's negligent conduct. *Stout v. United States*, 721 F. App'x 462, 473 (6th Cir. 2018)(citing *David v. Matter*, No. S-17-006, 96 N.E.3d 1012, 2017 WL 3669525, 2017 Ohio App. LEXIS 3652 (Ohio Ct. App. Aug. 25, 2017)). Because he does not base his claim on a danger posed to another, he does not state a claim for negligent infliction of emotional distress.

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Doc. No. 10) is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*S/ Pamela A. Barker*
PAMELA A. BARKER
Date: January 21, 2020          U. S. DISTRICT JUDGE